IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| PLAZAVIEW, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. _____ <br> ) Division: ____ |
| THE TRAVELERS INDEMNITY COMPANY <br> **Serve:** Travelers Indemnity Company <br> c/o Director of Insurance <br> 301 W. High Street, Room 530 <br> Jefferson City, MO 65101 | ) ) ) ) ) ) |
| and | ) |
| SHAWN O'ROARK <br> **Serve:** P.O. Box 246 <br> Clinton, Missouri 64735 | ) ) ) ) |
| Defendants. | ) |

## PETITION

COMES NOW, Plaintiff Plazaview, LLC and for its *Petition* states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Plazaview, LLC ("Plazaview") is a Missouri limited liability company, in good standing, with its members being citizens of the State of Missouri, with its principal place of business in Kansas City, Missouri.

2. Defendant The Travelers Indemnity Company ("Travelers") is a foreign corporation organized and incorporated in the state of Connecticut with its principal place of business in Connecticut. The Missouri Department of Insurance has authorized Travelers to do business in Missouri. Travelers can be served via the Missouri Department of Insurance c/o Director of Insurance, 301 W. High Street, Room 530, Jefferson City, MO 65101.

3. Defendant Shawn O'Roark ("O'Roark") is an individual residing in the State of

{496/001//01022129;1}

**EXHIBIT "A"**

Missouri, and he can be served at P.O. Box 246, Clinton, Missouri 64735.

4. This Court has jurisdiction over this matter because all of the acts and omissions relevant to this lawsuit occurred in Jackson County, Missouri, and the insured property is located in Jackson County, Missouri.

5. Venue is proper in Jackson County pursuant to Mo. Rev. Stat. § 508.010.4 because Plaintiff was damaged in Jackson County as a result of the Defendants' actions.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On January 11, 2013, Travelers issued Policy Number 680-7C066371-13-42 (the "Policy") to Plazaview, insuring the property located at 4739 Belleview Avenue, Kansas City, Missouri (the "Property") against, *inter alia*, loss or damage by fire. That Policy is attached hereto as **Exhibit A** and incorporated by reference as though fully set forth herein.

7. Five weeks later, on or about February 19, 2013, leaking natural gas was ignited, which caused a fire at the neighboring building, JJ's Restaurant.

8. That fire caused a total loss of the Property insured by the Policy.

9. The Property insured by the Policy was worth at the time of the issuing of the Policy the full amount insured therein on said Property.

10. Plazaview submitted an insurance claim to Travelers under the Policy for, among other things, the loss of the Property caused by fire.

## COUNT I
### (Breach of Contract)

11. Plazaview incorporates its other allegations by reference as though stated herein.

12. The Policy is a valid and binding contract between Travelers and Plazaview.

13. Plazaview has complied with the terms of the Policy.

Electronically Filed - Jackson - Kansas City - September 15, 2015 - 05:30 PM

Electronically Filed - Jackson - Kansas City - September 15, 2015 - 05:30 PM

14. The Policy provides coverage for direct physical loss of or damage to the Property caused by, *inter alia*, fire.

15. The Property suffered a total loss caused by fire.

16. The Policy states that it will cost $5,132,650 to replace the building.

17. Plazaview has submitted a claim to Travelers for its loss as a result of that fire in excess of $5,132,650.

18. Plazaview has made a written demand to Travelers to resolve the claim within the Policy limits, but Travelers failed to respond to that demand.

19. Defendants breached the Policy by only paying $2,924,106.54 of the building coverage.

20. The Policy provides $360,000 in coverage for business income and extra expenses.

21. Plazaview lost more than $360,000 in business income as a result of the explosion and fire.

22. Plazaview incurred additional extra expenses during the period of restoration as a result of the explosion and fire.

23. Defendants breached the Policy by only paying $319,707.10 of the business income/extra expense coverage to Plazaview.

24. The Policy provides at least $5,000 in claim data expense.

25. Defendants required Plazaview to provide extensive data to show the extent of its loss.

26. Plazaview incurred more than $5,000 in reasonable expenses to prepare that claim data.

27. Defendants breached the Policy by refusing to pay any amount under the claim data expense coverage.

28. The explosion and fire left the Property covered in debris.

29. Plazaview incurred more than $25,000 in expenses to remove that debris.

30. Defendants breached the Policy by either refusing to pay any amount for debris removal or by paying for debris removal within—rather than in addition to—the building coverage.

31. The Policy provides an additional $25,000 in expediting expenses.

32. Plazaview incurred more than $25,000 in reasonable and necessary additional expenses to make temporary repairs to the Property as a result of the explosion and fire.

33. Defendants breached the Policy by refusing to pay any amount under the expediting expenses additional coverage.

34. The Policy provides an additional $25,000 to comply with ordinances and laws.

35. The undamaged portion of the Property lost value as a consequence of enforcing laws and ordinances in force at the time of the explosion and fire that regulate the construction and repair of buildings.

36. Defendants breached the Policy by refusing to pay any amount under the ordinance or law additional coverage.

37. The Policy provides an additional $25,000 to pay for pollutant clean up and removal.

38. As a result of the explosion and fire, Plazaview incurred expenses to remove water, carpet, and drywall from the Property because they were infected with unhealthful and hazardous materials.

39. Defendants breached the Policy by refusing to pay any amount under the pollutant cleanup and removal additional coverage.

40. The Policy provides an additional $50,000 to pay for damage to electronic data processing equipment and electronic data processing data and media.

41. Plazaview kept its headquarters, electronic data processing equipment, and electronic data processing data and media at the Property.

42. The explosion and fire damaged or destroyed that electronic data processing equipment and electronic data processing data and media.

43. Defendants breached the Policy by refusing to pay any amount under the electronic data processing additional coverage.

44. The Policy contains an appraisal provision, and Travelers invoked that provision.

45. Travelers selected an appraiser.

46. Plazaview selected a competent and impartial appraiser.

47. More than fifteen days have passed since the parties selected their appraisers.

48. The appraiser selected by Plazaview has stated the value of the Property and amount of loss.

49. Travelers breached the Policy because its appraiser has not yet stated the value of the Property or amount of loss.

50. The appraiser selected by Plazaview has requested a meeting with the appraiser selected by Travelers for the purpose of reaching an agreement as to the value of the Property and/or amount of loss, but Travelers has breached the covenant of good faith and fair dealing implied in the Policy in that its appraiser has refused to participate in such a meeting. Instead,

Travelers has used the appraisal process as a pretense to delay paying Plazaview's claim until Plazaview agrees to accept an unjustified multimillion-dollar discount.

51. Plazaview has been damaged by defendants' breaches of the policy in that it has not received all of the insurance coverage and benefits for which it contracted and paid.

## COUNT II
### (Vexatious Refusal to Pay in Violation of Mo. Rev. Stat. § 375.420)

52. Plazaview incorporates its other allegations by reference as though stated herein.

53. Travelers is an insurance company.

54. The Policy insures Plazaview and the Property against loss due to, *inter alia*, fire, cyclone, lightning, and embezzlement.

55. The Policy is not automobile liability insurance.

56. This action is against defendants to recover the unpaid amount of the loss under the Policy as a result of the explosion and fire.

57. Defendants have refused to fully pay for Plazaview's loss without reasonable cause or excuse.

58. Travelers has not yet fully paid for Plazaview's covered loss despite the fact that the explosion and fire occurred more than two and a half years ago.

59. For more than one year defendants have admitted that the cost to repair the Property was at least $3,155,123.20, but defendants have unreasonably withheld $478,275.05 of that amount under the auspices of "depreciation."

60. Defendants are without reasonable cause or excuse to assert that the Property depreciated more than fifteen percent in the five weeks between when Travelers issued the Policy and when the explosion and fire occurred.

61. Since Plazaview made its claim against the Policy, rather than resolve that claim, Travelers has filed two consecutive lawsuits in the United States District Court for the Western District of Missouri against its own insured.

62. Neither of those federal lawsuits addressed the ultimate question of the overall value of Plazaview's claim against the Policy.

63. Instead each case has split out separate procedural sub-issues so that Travelers can maintain an indefinite string of litigation against Plazaview.

64. Upon information and belief, defendants' strategy is to continue various cases against Plazaview until the time and expense of litigation force Plazaview to accept approximately two million dollars less than the amount to which it is entitled under the Policy.

65. Travelers invoked the Policy's appraisal clause but then refused to comply with it to further delay resolving Plazaview's claim and pressure Plazaview to accept less than full payment.

   a. Travelers and Plazaview selected appraisers. Those appraisers do not agree on an umpire. Rather than request that a judge of a court having jurisdiction select the umpire, as required by the Policy, Travelers has filed a federal lawsuit asking the Court to force Plazaview to use the umpire Travelers selected.

   b. Under the Policy, the appraisers are required to state separately the value of the Property or the amount of loss.

   c. Plazaview's appraiser has stated the value of the Property or the amount of loss.

   d. Travelers' appraiser has refused to separately state the value of the Property or the amount of the loss despite the fact that the loss occurred more than two and a half years ago.

Electronically Filed - Jackson - Kansas City - September 15, 2015 - 05:30 PM

  e. The Policy requires the appraisers to meet to determine the items of loss on which they agree before submitting any differences to the umpire.

  f. Plazaview's appraiser has sent multiple requests to meet with Travelers' appraiser, but Travelers' appraiser has refused to participate in such a meeting.

66. Defendants have, without reasonable cause or excuse, refused to pay the additional coverages to which Plazaview is entitled: business income; claim data expense; debris removal; expediting expenses; ordinance and law compliance; pollutant cleanup and removal; and electronic data processing equipment.

## COUNT III
### (Violation of Mo. Rev. Stat. § 379.140)

67. Plazaview incorporates its other allegations by reference as though stated herein.

68. The Policy insured against loss or damage by fire.

69. When Travelers wrote the Policy on January 11, 2013, it determined that the replacement cost of the building was $5,132,650.

70. Five weeks later, on February 19, 2013, the explosion and fire rendered the Property a total loss.

71. Plazaview has demanded in writing that Travelers pay the $5,132,650 replacement value listed in the policy and/or admit that the Property was worth $5,132,650 at the time of the issuing of the Policy.

72. Defendants refused to do either one.

73. In adjusting and partially paying Plazaview's claim, defendants have stated that the Property lost more than fifteen percent of its value in the five weeks between when Travelers issued the Policy and the explosion and fire.

{496/001//01022129;1 }

74. Plazaview has been damaged by defendants' violation of Mo. Rev. Stat. § 379.140 because it has not received the full measure of damages to which it is statutorily entitled.

## COUNT IV
### (Negligence)

75. Plazaview incorporates its other allegations by reference as though stated herein.

76. Shortly after the explosion and fire, Travelers and O'Roark forced Plazaview to hire a third party to remediate the moisture left in the Property by the Property's sprinklers and the fire department's efforts to extinguish the blaze.

77. Travelers and O'Roark selected Piat, Inc. d/b/a ServPro of Olathe/Lenexa, Inc. ("ServPro") to perform that moisture remediation, disaster recovery cleaning, and associated work on the Property.

78. As an agent for Plazaview, Travelers and O'Roark directed the work performed by ServPro.

79. As an agent for Plazaview, Travelers and paid for some of ServPro's work.

80. Based on their insurance, fiduciary, and agency relationships, Travelers and O'Roark owed Plazaview a duty to use reasonable care in selecting ServPro, directing its work, and paying for its work.

81. Travelers and O'Roark breached their duty to Plazaview by selecting ServPro. Upon information and belief, Travelers and O'Roark selected ServPro based on discount agreement between Travelers and ServPro rather than based on ServPro's ability to perform the work.

82. Travelers and O'Roark breached their duty to supervise ServPro's work. They did not ensure that ServPro pulled up wet carpet to properly dry it, did not ensure that ServPro

used all of the fans it brought to dry the Property, and did not ensure that the moisture remediation was reasonably complete.

83. Travelers and O'Roark's negligence caused damage to Plazaview. The moisture in the Property was not properly remediated, and mold grew throughout the Property. Remediating that mold is estimated to cost more than $879,956.

WHEREFORE, Plazaview, LLC prays that this Court enter judgment in its favor and against defendants on all counts, award Plazaview compensatory damages equal to the amount to which it is entitled under the Policy, award Plazaview compensatory damages for defendants' negligence, award Plazaview statutory damages pursuant to Mo. Rev. Stat. § 375.420, award Plazaview its reasonable attorney's fee pursuant to Mo. Rev. Stat. § 375.420, award Plazaview prejudgment interest, award Plazaview post-judgment interest, and issue such other and further relief as is just and proper.

By /s/Shane C. Mecham
Shane C. Mecham  MO # 56871
1301 Oak Street
Kansas City, Missouri 64106
(816) 474-8181
Fax: (816) 382-6618
smecham@levycraig.com

*Attorney for Plaintiff, Plazaview, LLC*

Electronically Filed - Jackson - Kansas City - September 15, 2015 - 05:30 PM