IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PLAZAVIEW, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-cv-00800-SRB |
| | ) | |
| THE TRAVELERS INDEMNITY COMPANY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SHAWN O'ROARK | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plazaview, LLC's Motion to Remand to State Court. (Doc. #10). For the reasons stated herein, the motion is GRANTED.

**I.    Background**

Plaintiff Plazaview, LLC filed this insurance coverage dispute action against Defendants The Travelers Indemnity Company and Shawn O'Roark in the Circuit Court of Jackson County, Missouri on September 15, 2015. Travelers removed the action to this Court on October 14, 2015, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. As alleged in the Complaint, Plaintiff is a Missouri limited liability company with its principal place of business in Missouri and whose members are Missouri citizens. (Doc. #1-7, ¶1). Defendant Travelers is incorporated in Connecticut with its principal place of business in Connecticut, and Defendant O'Roark is an individual employed by Defendant Travelers as a claims representative and a Missouri resident. (Doc #1-7, ¶2-3). In recognition that Defendant O'Roark is a non-diverse party, Defendant Travelers argues in its Notice of Removal and in its Response in Opposition to Plaintiff's Motion

to Remand that removal is proper because Defendant O'Roark has been fraudulently joined in this action to defeat diversity jurisdiction. Plaintiff counters that its claims against Defendant O'Roark – Count IV: Negligence, Count V: Fraudulent Misrepresentation, and Count VI: Negligent Misrepresentation – are properly stated under Missouri law, and the case should be remanded to state court for lack of diversity jurisdiction.

## II.  Legal Standard

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000).

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). If there is a reasonable basis in fact and law that supports the claim, joinder is not

2

fraudulent. *Filla*, 336 F.3d at 810. In conducting this inquiry, the Court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court "has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* at 811 (citations omitted) (emphasis in original). "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co.*, 556 F.2d at 406).

### III. Discussion

In support of its argument that Defendant O'Roark was fraudulently joined in Count IV: Negligence, Defendant Travelers relies primarily on two cases that ostensibly hold no action against a claims adjuster may be maintained when the adjuster was acting solely as the agent for a disclosed principal. (Doc. #16, p. 5) (citing *Everett v. St. Paul Guardian Ins. Co.*, No. 4:08-cv-488-MLM, 2008 WL 2486044, at *6 (E.D. Mo. June 18, 2008); *Kerr v. Fed. Emergency Mgmt. Agency*, 113 F.3d 884, 887 (8th Cir. 1996)). In *Everett*, however, the court held, "As Plaintiff in the matter before this court does not allege a duty on the part of [the claims adjuster] which is separate from his duties as an employee or agent of [the insurer], there is no basis in fact and law for Plaintiff's claim of negligence in Count II." 2008 WL 2486044, at *6 (citations omitted). Defendant Travelers' reliance on *Everett* ignores the allegations of the Complaint that pertain to Defendant O'Roark's direction that Plaintiff was required to hire ServPro to perform remedial work and O'Roark's subsequent inspection, supervision, and control over such work. (Doc. #1-7, ¶¶77-79, 84, 88). The Complaint further alleges, "Based on information and belief, O'Roark received compensation from ServPro in exchange for forcing Plazaview to hire ServPro to perform the moisture remediation on the Property." (Doc. #1-7, ¶83).

The Court is persuaded by Plaintiff's argument that the holdings in *Grisamore v. State Farm Mut. Auto. Ins. Co.*, 306 S.W.3d 570 (Mo. App. W. Dist. 2010), and *Kurz v. Progressive Cas. Ins. Co.*, No. 12-cv-03050-S-JTM, 2012 WL 1424537 (W.D. Mo. 2012), suggest Plaintiff's Complaint states "colorable" causes of action against Defendant O'Roark. The *Grisamore* court held:

> Moreover, to the extent that [the insurer] and [the claims adjuster] contend that the [claims adjuster] cannot be personally liable because he was acting solely as [the insurer's] employee, their contention is without merit. . . .
>
> Unlike claims for bad faith failure to settle, claims for negligent and fraudulent misrepresentation do not presuppose that the tortfeasor is an insurer or even require involvement of insurance policies. The fact that [the claims adjuster] was acting as an agent for [the insurer] does not change the fact that [the claims adjuster] may have made misrepresentations to Grisamore and that [the claims adjuster] may be liable as a result.

306 S.W.3d at 576. In *Kurz* the court relied on *Grisamore* in granting a motion to remand and finding that a claims adjuster had not been fraudulently joined in that the plaintiff had "stated a viable defamation claim" against the claims adjuster. 2012 WL 1424537, at *3. Based on *Grisamore* and *Kurz*, this Court finds that Defendant O'Roark's position as a claims adjuster for Defendant Travelers does not as a matter of law preclude Plaintiff Plazaview's claims against O'Roark, and Plazaview has sufficiently alleged the required elements of each claim.

4

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's Complaint states one or more "colorable" causes of action against Defendant O'Roark. Accordingly, it is hereby ORDERED that Plazaview, LLC's Motion to Remand to State Court (Doc. #10) is GRANTED in that complete diversity does not exist, and the Court is without jurisdiction over this matter.

**IT IS SO ORDERED.**

DATED: January 6, 2015 /s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT